UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSE C. SOUTO,

      Plaintiff,

v.                                          Case No: 2:17-cv-124-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                                          Guilty04/

## **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Carol Mirando's Report and Recommendation ("R&R"). (Doc. 21). Judge Mirando recommends affirming the Commissioner of Social Security's decision to deny Plaintiff Rose C. Souto disability and disability insurance benefits ("DIB"). (*Id.*). Souto objects to the R&R (Doc. 22), to which the Commissioner has responded (Doc. 23). The R&R is thus ripe for review.

## **BACKGROUND**

The Court adopts the factual background detailed in the R&R. (Doc. 21 at 2-4). For brevity's sake, the Court will briefly outline the procedural background. Nearly five years ago, Souto applied for a period of disability and DIB for her alleged partial blindness

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

in her left eye, Sjogren's disease, Grave's disease, joint pain, fatigue, headaches, and numbness in her hands and left leg. (Doc. 12-6 at 5). After a hearing, Administrative Law Judge ("ALJ") Yvette N. Diamond denied Souto's application having found that she was not disabled. (Doc. 12-3 at 31-41). The Appeals Council denied Souto's request for review, making the ALJ's decision the Commissioner's final decision. (Doc. 12-2 at 2-3). Thereafter, Souto filed the instant appeal. (Doc. 1).

## LEGAL STANDARDS

### A. Review of the Magistrate Judge's Report and Recommendation

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report, the district court engages in a *de novo* review of the issues raised. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### B. Review of the ALJ's Decision

A court's review of the Commissioner's decision is limited to evaluating whether substantial evidence supports the decision and whether the ALJ applied the proper legal standards. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). This review is *de novo*. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "[The Court] may not decide facts anew, reweigh

the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, n. 8 (11th Cir. 2004)). The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court finds that the evidence more likely supports a different conclusion. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

**DISCUSSION**

After an independent review of the complete record, Joint Memorandum, and applicable case law, the Court finds the R&R to be well reasoned, thorough, and legally sound. The Court thus accepts it. Plaintiff raises three objections to the R&R, offering nothing more than a reiteration of the arguments she made in the parties' Joint Memorandum.[2] (Doc. 22). Expansion on Plaintiff's three objections follows.

Souto first objects that the record does not support the ALJ's finding that she can perform a warehouse worker job as generally performed because she testified she has a limited ability to write. (*Id.* at 1-2). The Commissioner responds that the ALJ properly relied on the vocational expert's ("VE") testimony as substantial evidence to support its finding that Souto could perform as a warehouse worker under the national economy. (Doc. 23 at 1-2). The Court agrees with the Commissioner.

---

[2] Plaintiff also argues Judge Mirando made an impermissible post hoc rationalization on the ALJ's ability to rely on Souto's informal education through her job experience to determine she could perform her past relevant work. (Docs. 21 at 10; 22 at 2). This argument, however, is a nonstarter. Judge Mirando's statement does not constitute a post hoc rationalization because the VE testified that a hypothetical individual of the claimant's age, education, and *work experience* would be able to perform as a caregiver or warehouse worker and the ALJ expressly relied on this testimony in her decision. (Docs. 21 at 10; 12-2 at 87-88; 12-3 at 40). Regardless, as stated below, the Court is persuaded substantial evidence supports the ALJ's findings.

An ALJ may rely solely on a VE's testimony to determine whether a claimant, in light of his or her residual functional capacity, can perform jobs within the national economy. See *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones*, 190 F.3d at 1229)). However, an ALJ is under no obligation to include a claimant's limitations unsupported by medical evidence. See *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (finding that an ALJ may omit a characteristic claimant alleges to suffer but is unsupported by medical records).

Considering the above precedent, the Court finds the VE's testimony constituted substantial evidence to support the ALJ's conclusion that Plaintiff could perform a warehouse worker job as generally performed. A review of the record shows the ALJ presented all of Plaintiff's medically supported impairments to the VE for consideration. (Docs. 12-2 at 87-88; 12-3 at 36-40). After considering the ALJ's hypotheticals, the VE testified that Souto could perform as a warehouse worker both as actually and generally performed. (Doc. 12-2 at 87-88). It is important to note Plaintiff neither argues that her limited ability to write is caused by a medical condition, nor that she is disabled because of her writing difficulty. Remarkably, Plaintiff has failed to claim that her poor writing constituted a functional limitation up until this appeal. (Docs. 12-2 at 7-8; 12-6 at 5). And, she fails to cite any medical evidence supporting her claim. Thus, the ALJ was not required to include Souto's limited writing ability in the hypotheticals presented to the VE. Important here, it is uncontroverted that Souto *can* write—she is just limited to simple

writing. (Doc. 12-2 at 59). In addition, the VE was present for the entire hearing, and thus heard all of Souto's testimony. (*Id.* at 55). As such, the hypotheticals were proper and the ALJ was entitled to solely rely on the VE's testimony in finding that Plaintiff could perform as a warehouse worker.

Second, Souto objects the ALJ erred in finding she could work as a caregiver because the VE's testimony conflicts with the Dictionary of Occupational Titles ("DOT").[3] (Doc. 22 at 2). Specifically, she claims her level of writing is inconsistent with the complex writing required for the caregiver job. (*Id.*). The Commissioner asserts the ALJ properly relied on the VE's testimony. (Doc. 23 at 1-2). The Court agrees with Commissioner and finds that Plaintiff's second objection fares no better than the first.

The Eleventh Circuit summarized the applicable precedent in *Leigh*:

> If there is a conflict between the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the vocational expert trumps the DOT because the DOT is not the sole source of admissible information concerning jobs. The DOT is not comprehensive, and the SSA does not consider it to be dispositive. Further, a VE is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. SSR 00–4p states that when a VE provides evidence about the requirements of a job or occupation, the ALJ has an affirmative responsibility to ask about any possible conflict between that VE's testimony and the DOT. When the VE's testimony is inconsistent with the DOT, the ALJ must resolve this conflict before relying on the VE to determine whether the individual is or is not disabled.

*Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 974-75 (11th Cir. 2012) (internal citations and quotations omitted). Here, in response to the ALJ's hypothetical question, the VE

---

[3] Insofar as the DOT conflicts with the VE's testimony that Souto could perform as a warehouse worker, the Court finds the ALJ fulfilled her duty to investigate such a conflict and thus did not err in finding Plaintiff could perform such a job.

5

opined that Souto could work as a caregiver. (Doc. 12-2 at 87-89). The ALJ asked the VE if there were any inconsistences between her opinion and the DOT, and the VE responded that there were not. (*Id.* at 89). The ALJ asked the pivotal question, and the VE did not find any inconsistency. (*Id.*). Accordingly, the Court finds the ALJ fulfilled her duty to investigate whether a conflict existed and, thus, did not err in finding Souto could work as a caregiver based upon the VE's testimony.

Even if the ALJ erred in failing to include Plaintiff's poor writing as a functional limitation in the hypotheticals to the VE, such error is harmless because Souto does not allege she cannot perform a warehouse worker job as she actually performed it. *See Colon ex. Rel. Colon v. Comm'r of Soc. Sec.*, 411 F. App'x 236, 239 (11th Cir. 2011) (holding any error by the ALJ in failing to pose to VE a hypothetical that included all of claimant's limitations was harmless because substantial evidence showed claimant could perform former work as he actually performed it).

Thirdly, Souto objects that the VE misidentified her past relevant work. (Doc. 22 at 3). Specifically, Plaintiff alleges she should be considered a stock room operator, not a warehouse worker, because (a) her past earnings are too high to be considered an unskilled worker and (b) the record indicates she functioned as a stock room operator.[4] (*Id.*). The Court finds Plaintiff's objection without merit. As an initial matter, the Court notes Plaintiff has failed to provide any citation to the DOT setting forth a stock room operator job. Although Plaintiff did cite to the DOT in the Joint Memorandum, the online link merely provided a report for a production worker job and did not mention a stock room operator as an alternate job title. (Doc. 20 at 19, n. 7). Plaintiff has also failed to provide

---

[4] The Court notes the Commissioner does not respond to Souto's third objection.

any authority that supports her objection that her past earnings disqualify her as an unskilled worker.

A review of the record indicates the VE determined Plaintiff was a warehouse worker based upon her testimony that she "worked in [a] warehouse" and "went around and delivered material[.]" (Doc. 12-2 at 62; *Id.* at 63). The VE's reference to Souto as a "warehouse worker" is rooted in the information she provided to the ALJ and, therefore, provides no ground for remand. Furthermore, if Plaintiff had any doubt as to whether her previous work was accurately characterized as a warehouse worker, her attorney could have cross-examined the VE about it. See *Jones,* 190 F.3d at 1228 (stating that once an expert identifies jobs that a claimant can perform, the burden switches to the plaintiff to prove she was unable to perform those jobs). Last, any error is harmless because the ALJ determined that Plaintiff could also perform as a caregiver and, therefore, the ALJ's conclusion that Plaintiff is not disabled would remain the same. Consequently, the Court overrules Souto's final objection.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Rose Souto's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 22) are **OVERRULED**.

2. United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 21) is **ADOPTED and ACCEPTED** and the findings incorporated herein.

3. The Commissioner of Social Security's decision is **AFFIRMED**.

4. The Clerk of Court is **DIRECTED** to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner of Social Security, and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record